IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2008 NOV 24  PM 3: 37

| | |
|---|---|
| CROSSROADS SYSTEMS, INC., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. A08CA 861SS |
| v. § | |
| § | JURY DEMANDED |
| (1) DATADIRECT NETWORKS, INC., § | |
| (2) RAID, INC., § | |
| (3) ADVANCED COMPUTER & § | |
| NETWORK CORP., § | |
| (4) DYNAMIC NETWORK FACTORY, § | |
| INC., § | |
| (5) EXCEL/MERIDIAN DATA, INC., § | |
| (6) WINCHESTER SYSTEMS INC., and § | |
| (7) TEXAS MEMORY SYSTEMS, INC., § | |
| § | |
| Defendants. § | |

**PLAINTIFF CROSSROAD SYSTEMS, INC.'S COMPLAINT
FOR PATENT INFRINGEMENT**

**THE PARTIES**

1.      Plaintiff Crossroad Systems, Inc. ("Crossroads") is a corporation incorporated under the laws of the State of Delaware and has its principal place of business at 11000 North MoPac Expressway, Austin, Texas 78759.

2.      Upon information and belief, Defendant DataDirect Networks, Inc. ("DataDirect") is a Delaware corporation with a principal place of business of 9351 Deering Avenue, Chatsworth, California 91311.

3.      Upon information and belief, Defendant RAID, Inc. ("RAID") is a Massachusetts corporation with a principal place of business of 5 Branch Street, Methuen, Massachusetts 01844.

4. Upon information and belief, Defendant Advanced Computer & Network Corporation ("Advanced Computer") is a Delaware corporation with a principal place of business of 5001 Baum Boulevard, Suite 680, Pittsburgh, Pennsylvania 15213.

5. Upon information and belief, Defendant Dynamic Network Factory, Inc. ("DNF") is a California corporation with a principal place of business of 21353 Cabot Boulevard, Hayward, California 94545.

6. Upon information and belief, Defendant Excel/Meridian Data, Inc. ("Excel") is an Arizona corporation with a principal place of business of 15575 North 83rd Way #3, Scottsdale, Arizona 85260.

7. Upon information and belief, Defendant Winchester Systems Inc. ("Winchester") is a Massachusetts corporation with a principal place of business of 149 Middlesex Turnpike, Burlington, Massachusetts 01803.

8. Upon information and belief, Defendant Texas Memory Systems, Inc. ("Texas Memory") is a Texas corporation with a principal place of business of 10777 Westheimer Road, Suite 600, Houston, Texas 77042.

## JURISDICTION AND VENUE

9. This action arises under the laws of the United States, more specifically under 35 U.S.C. § 100, *et seq*. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

10. Upon information and belief, each of the Defendants transacts business in this judicial district, and Defendants have sufficient contacts with this judicial district to subject themselves to the jurisdiction of this Court. Personal jurisdiction and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 6,425,035

11. Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

12. On July 23, 2002, United States Patent No. 6,425,035 (the "'035 Patent") was duly and legally issued. A true and correct copy of the '035 Patent is attached hereto as Exhibit A. Crossroads is the assignee and the owner of all right, title, and interest in and to the '035 Patent. The '035 Patent is entitled to a presumption of validity.

13. Each of the Defendants has directly infringed the '035 Patent. On information and belief, the Defendants continue to directly infringe the '035 Patent.

14. Specifically, each of the Defendants has directly infringed the '035 Patent by making, using, offering for sale, selling and/or importing into the United States certain of their storage products including at least the following: S2A Storage Systems (DataDirect); Magellan, X4, X28, X48, Falcon, Raven, ORION and Xanadu storage solutions (Raid); JetStor RAID Arrays (Advanced Computer); FC-attached RAID Subsystems (DNF); SecurStor Astra SAN storage products (Excel); FlashDisk storage solutions (Winchester); and RamSan storage products (Texas Memory).

15. Defendants have been on notice of the '035 Patent and have not ceased their infringing activities. The infringement of the '035 Patent by Defendants has been and continues to be willful and deliberate.

16. Crossroads has been irreparably harmed by the Defendants' acts of infringement of the '035 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

3

17.  As a result of the acts of infringement of the '035 Patent by Defendants, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 7,051,147

18.  Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

19.  On May 23, 2006, United States Patent No. 7,051,147 (the "'147 Patent") was duly and legally issued.  A true and correct copy of the '147 Patent is attached hereto as Exhibit B.  Crossroads is the assignee and the owner of all right, title, and interest in and to the '147 Patent.  The '147 Patent is entitled to a presumption of validity.

20.  Defendants RAID, Winchester and DNF have directly infringed the '147 Patent and, on information and belief, Defendants RAID, Winchester and DNF continue to directly infringe the '147 Patent.

21.  Specifically, Defendants RAID, Winchester and DNF have directly infringed the '147 Patent by making, using, offering for sale, selling and/or importing into the United States certain of their storage products including at least the following: X4 and X48 storage solutions (RAID); FlashDisk HyperSAN FC-3400 series storage solutions (Winchester) and FC-FC RAID Subsystems (DNF).

22.  Defendants RAID, Winchester and DNF have been on notice of the '147 Patent, and have not ceased their infringing activities.  The infringement of the '147 Patent by Defendants RAID, Winchester and DNF has been and continues to be willful and deliberate.

23. Crossroads has been irreparably harmed by Defendants RAID, Winchester and DNF's acts of infringement of the '147 Patent and will continue to be harmed unless and until Defendants RAID, Winchester and DNF's acts of infringement are enjoined and restrained by order of this Court.

24. As a result of the acts of infringement of the '147 Patent by Defendants RAID, Winchester and DNF, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Crossroads requests this Court enter judgment as follows:

A. That each of the Defendants has infringed the '035 Patent;

B. That such infringement of the '035 Patent by Defendants has been willful;

C. That Defendants account for and pay to Crossroads all damages caused by the infringement of the '035 Patent;

D. That Crossroads receive enhanced damages from Defendants in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendants' willful infringement of the '035 Patent;

E. That Defendants RAID, Winchester and DNF have infringed the '147 Patent;

F. That such infringement of the '147 Patent by Defendants RAID, Winchester and DNF has been willful;

G. That Defendants RAID, Winchester and DNF account for and pay to Crossroads all damages caused by the infringement of the '147 Patent;

H. That Crossroads receive enhanced damages from Defendants RAID, Winchester and DNF in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendants RAID, Winchester and DNF's willful infringement of the '147 Patent;

I. That Defendants pay Crossroads all of Crossroads' reasonable attorney's fees and expenses;

J. That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the '035 Patent and '147 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

K. That costs be awarded to Crossroads;

L. That Defendants, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be preliminarily and permanently enjoined from further infringement of the '035 Patent;

M. That Defendants RAID, Winchester and DNF, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be preliminarily and permanently enjoined from further infringement of the '147 Patent;

N.  That this is an exceptional case under 35 U.S.C. § 285; and

O.  That Crossroads be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Crossroads hereby demands a trial by jury on all issues.

Dated: November 24, 2008

Respectfully submitted,

By: _____
Steven Sprinkle
State Bar No. 00794962
Elizabeth J. Brown Fore
State Bar No. 24001795
Sprinkle IP Law Group, PC
1301 W. 25th Street, Suite 408
Austin, Texas 78705
(512)637-9220 office
(512)371-9088 facsimile
ssprinkle@sprinklelaw.com
ebrownfore@sprinklelaw.com

John M. Guaragna (Bar No. 24043308)
Courtney P. Stewart (Bar No. 24042039)
DLA Piper LLP (US)
1221 South Mopac Expressway, Ste 400
Austin, Texas 78746-6875
Tel: (512) 457-7000
Fax: (512)457-7001

Of Counsel:
John Allcock (Bar No. CA-98895)
Sean C. Cunningham (Bar No. CA-174931)
Jesse Hindman (Bar No. CA-222935)
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: (619)699-2700
Fax: (619)699-2701